MANATT, PHELPS & PHILLIPS, LLP
BARRY W. LEE (Bar No. CA 088685)
E-mail: BWLee@manatt.com
ANN M. HEIMBERGER (Bar No. CA 197060)
E-mail: AHeimberger@manatt.com
AMANDA M. KNUDSEN (Bar No. CA 252752)
E-mail: AKnudsen@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA  94111
Telephone:  (415) 291-7400
Facsimile:  (415) 291-7474

Attorneys for Plaintiff
TODD GELFAND, Trustee of the Reata Trust

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| TODD GELFAND, TRUSTEE OF THE REATA TRUST,<br><br>             Plaintiff,<br><br>      vs.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY, and DOES 1-50,<br><br>             Defendants. | No.  C12-04819 EMC<br><br>**STIPULATION AND [P~~RO~~POSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND HANDLING OF CONFIDENTIAL MATERIAL** |

1        IT IS HEREBY STIPULATED by and between Plaintiff Todd Gelfand, Trustee of the Reata Trust ("Plaintiff") and defendant North American Capacity Insurance Company ("Defendant") (collectively, the "Parties"), through their respective counsel of record, as follows:

WHEREAS, to facilitate production and receipt of information during discovery in the above-captioned action (the "Action"), the Parties have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of private or confidential information that may be produced or otherwise disclosed by them or third parties during the course of the Action,

NOW THEREFORE, upon consideration of the record and proceedings herein, the stipulation of the Parties, and good cause appearing therefore,

IT IS ORDERED THAT:

1.   As used herein, "Producing Party" shall refer to any person or entity producing information, documents, discovery responses or testimony in connection with this litigation.

2.   "Confidential" information shall mean (1) trade secret information as defined in California Civil Code section 3426.1, or other confidential research, development, proprietary or commercial information, and/or (2) any information subject to the right to privacy of any individual or entity under federal or state statutory, common or constitutional law, and designated as such by any Producing Party, including, without limitation, the name and street address of the beneficiary of the Reata Trust.

3.   The term "Confidential" shall also apply to copies, extracts, and complete or partial summaries prepared from such documents or information designated as "Confidential," as well as to any documents or information that quotes, paraphrases or characterizes documents or information designated as "Confidential."  The designation of any document or information as "Confidential" pursuant to the terms of this Order shall constitute a verification by counsel of record of the Producing Party that such counsel has reviewed the document or information and that the designation is, in the good faith judgment of counsel, consistent with the terms of this Order.

4. When used in this Order, the term "document" shall include "documents and electronically stored information," as described in Federal Rule of Civil Procedure 34(a)(1)(A) and "writings and recordings," as defined in Federal Rule of Evidence 1001, and shall include, without limitation, all original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), electronically-stored data, and every other means of recording upon any tangible thing or medium any form of communication or representation, and any copies thereof.

5. All information produced by the Parties or any other person or entity pursuant to formal discovery requests in this Action shall be used only for preparation and trial of this Action, including motions, appeals and retrials therein, and shall not be used for any other purpose. Counsel of record retained by the Parties shall, at all times, maintain physical custody and control over all Confidential information and counsel shall make diligent efforts to insure that such Confidential information does not leave their custody and is not disclosed to persons who are not Authorized Persons under the terms of this Protective Order. Failure to make diligent efforts to do so shall be grounds for imposition of sanctions at the discretion of the Court.

6. Designation of information as "Confidential" shall be made by marking the respective pages of the document (where applicable), or otherwise conspicuously marking the materials with the legend "CONFIDENTIAL."

7. Confidential material and information derived from materials marked "Confidential" shall not be disclosed, except to the following persons ("Authorized Persons"):

   a. The Court and necessary Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial, trial of the Action, or any appeal of the Action;

   b. Counsel for any Party, and the paralegal, stenographic, clerical and secretarial personnel employed by such counsel;

   c. Any Party and any officer, director or authorized representative of a Party;

   d. Any person outside the deposition context, so long as that person (a) authored or received the Confidential material, or (b) had previous access to the Confidential material based upon the known source of the Confidential material;

1      e.      Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

       f.      Non-party experts or consultants (together with their associates, consultants and clerical and secretarial staff) retained to assist in prosecution, defense, settlement or other disposition of the Action;

       g.      Any person whom a Party intends, in good faith, to call as a witness in any deposition, hearing or trial in the Action, and that person's attorneys to the extent reasonably necessary to give his or her testimony;

       h.      Any witness at a deposition, hearing or trial in the Action, and that person's attorneys to the extent reasonably necessary to give his or her testimony; and

       i.      Any other person to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each party hereto.

8.     Prior to receiving any information designated as Confidential, each Authorized Person referenced in 7(e) through 7(i), above, shall be provided with a copy of this Order and shall execute a Confidentiality Agreement in the form of Attachment A.  The Confidentiality Agreement shall not be discoverable except upon a showing of good cause.

9.     This Order shall have no effect on any information or document that (a) was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality or (b) was lawfully acquired by the receiving party from a third party.

10.    This Order is entered solely for the purpose of facilitating the pre-trial exchange of information between the Parties and non-parties to the action without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of any information under its terms, nor any proceeding undertaken pursuant hereto, shall be deemed to have the effect of an admission or waiver by any party of, or otherwise be deemed to alter the confidentiality or non-

1  confidentiality of, any information.  Nor shall compliance with this Order operate as an admission
2  as to the admissibility of any information.

3      11.    The Parties shall confer in good faith prior to trial in an attempt to devise
4  protective procedures to be applicable at trial that are satisfactory to the Court.

5      12.    The list of persons to whom Confidential material may be provided may be
6  expanded by mutual agreement of counsel of record.  Any Party may propose such an expansion
7  by serving a letter on all counsel of record specifically identifying, and describing the role and
8  function of, the person(s) intended to be added to the list ("Expansion Letter").  Person(s) so
9  designated shall be automatically added to the persons listed in paragraph 7, above, unless, within
10 15 business days of service of the Expansion Letter, counsel for a Party objects to the Expansion
11 Letter by serving a written objection stating a good faith basis for such an objection.  If counsel
12 for a Party objects to an Expansion Letter, no Confidential material produced by the objecting
13 Party may be disclosed to such person unless the Court so orders.

14     13.    The foregoing is without prejudice to the right of any Party or non-party: (a) to
15 apply to the Court for a further protective order relating to any Confidential material or relating to
16 any discovery in this litigation; (b) to object to the production of documents it considers not
17 subject to discovery; or (c) to apply to the Court for an order compelling production of documents
18 or modification of this Order or for any order permitting disclosure of Confidential material
19 beyond the terms of this Order.

20     14.    Inadvertent production by a Party of Confidential material without proper
21 designation at the time of disclosure shall not be deemed a waiver of any claim of confidentiality
22 as to such matter.  The Party seeking protection of the Confidential material shall properly
23 designate or re-designate the Confidential material by written notice to the other Parties within 10
24 days of the production.

25     15.    In the event that any Party desires to file with the Court any document which
26 includes any Confidential materials, the Party shall file a noticed motion for an order sealing such
27 specific records in compliance with Local Rule 79-5 of the Northern District of California
28 ("Local Rule 79-5").  A motion for an order sealing the record must specify the grounds and

1  provision of law authorizing confidentiality of each record sought to be placed under seal.  An
2  order sealing a record must comply with Local Rule 79-5(b) or (c) and must direct the sealing of
3  only those documents, pages, or, if reasonably practicable, those portions of documents or pages,
4  which contain the information requiring confidentiality.  All other portions of such document or
5  page must be included in the public file.

6        16.    Counsel, the Producing Party, or the Parties may designate information disclosed
7  during deposition as Confidential by identifying on the record at the deposition the material that is
8  to be treated as Confidential, or by marking within 30 days after the receipt of the transcript of
9  such deposition the portions of the transcript to be designated as Confidential.  Prior to the
10 expiration of such 30-day period, all information disclosed during a deposition shall be treated as
11 Confidential, unless otherwise agreed by the Parties and the witness, or ordered by the Court.
12 During the deposition, if Confidential information or material is to be disclosed, prior to
13 disclosure any person not authorized to receive Confidential information shall be excluded from
14 the deposition until testimony regarding those matters has been concluded.

15       17.    If any testimony in a deposition or any document or information used during the
16 course of a deposition is designated as Confidential, the portion of the deposition record reflecting
17 such material shall be stamped with the appropriate designation and access thereto shall be
18 limited pursuant to the terms of this Order.  The terms of this Order shall apply to videotaped
19 depositions, and video cassettes or other video containers shall be labeled in accordance with the
20 terms of this Order.

21       18.    If any documents, information or testimony are designated Confidential by a
22 disclosing party, but are not believed to be Confidential by the party receiving them, the receiving
23 party shall notify the disclosing party within 21 days of the production and request a written
24 release of confidential treatment hereunder.  If such written release is not forthcoming in
25 10 business days thereafter, the receiving party may move the Court for an order requiring the
26 release of confidential treatment.  Prior to making such a motion, the receiving party shall contact
27 the disclosing party, and the parties shall confer in good faith in an effort to resolve the dispute.
28 To maintain confidential status in the event of such a motion, the proponent of confidentiality

1  must show by a preponderance of the evidence that there is good cause for the document to have

2  such protection.  The information shall continue to be treated as Confidential under this Order

3  unless and until the Court rules otherwise.

4     19.    In the event appeals or writs are taken in the Action, the parties shall take

5  reasonable steps to attempt to protect and preserve records marked as Confidential, such as by

6  seeking appropriate orders from the appellate court, and filing documents under seal as

7  appropriate.

8     20.    Upon a Party's written request following the final determination, settlement or

9  other disposition of the Action, including any appeals, records containing Confidential

10 information disclosed or received by any Party to this Order, or any Authorized Person (other

11 than counsel's copies of documents filed with the Court and counsel's file copies of papers

12 prepared in connection with this matter), shall be destroyed by counsel for the party in possession

13 of such information.  Counsel in possession of such information shall certify in writing that it has

14 been destroyed in accordance with this paragraph within 30 days of such a written request.

15    21.    In the event any person or entity bound by the terms of this Order that has

16 possession, custody or control of any Confidential records containing information that person or

17 entity did not produce, receives a subpoena or other process or order to produce such information,

18 such person or entity, as soon as reasonably practicable, shall notify counsel for the Parties and

19 the counsel of record of the Producing Party claiming such confidential treatment of the

20 document sought by such subpoena or other process or order, and shall furnish those counsel of

21 record with a copy of said subpoena or other process or order.  The person or entity receiving the

22 subpoena or other process or order shall cooperate with respect to all reasonable procedures

23 sought to be pursued by the Producing Party whose interest may be affected.  The Producing

24 Party or Party asserting the confidential treatment shall have the burden of moving to modify or

25 quash such subpoena, process or order, and the receiving party shall be entitled to comply with it

26 except to the extent the person or entity asserting the confidential treatment is successful in

27 obtaining an order modifying or quashing it.

28

1  22. If Confidential information is disclosed to any person other than in the manner

2 authorized by this Order, the party (or non-party) responsible for the disclosure shall, immediately

3 upon learning of such disclosure, inform all other parties of all pertinent facts relating to such

4 disclosure and shall make every effort to retrieve the designated information and to prevent the

5 occurrence of any further disclosure unauthorized by this Order.

6  23. This Court shall retain jurisdiction over all persons subject to this Order for the

7 purposes of enforcing the Order.

8  IT IS SO STIPULATED.

10 Dated: June 20, 2013  **GRIMM, VRANJES & GREER LLP**

12          BY: /s/ A. Carl Yaeckel
           A. Carl Yaeckel
           Attorneys for Defendant
13            NORTH AMERICAN CAPACITY
           INSURANCE COMPANY

16 Dated: June 20, 2013  **MANATT, PHELPS & PHILLIPS, LLP**

18          BY: /s/ Amanda M. Knudsen
           Amanda M. Knudsen
19            Attorneys for Plaintiff
           TODD GELFAND, TRUSTEE OF THE REATA
20            TRUST

21 *Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Amanda M. Knudsen hereby attests that concurrence in the filing of this document has been*
22 *obtained.*

1
2              IT IS SO ORDERED.

**ORDER**

3      Date: 6/26/13



GRANTED

Judge Edward M. Chen

# ATTACHMENT A

# CONFIDENTIALITY AGREEMENT

1. I, _____, have read and understand the Stipulated Protective Order dated _____, 2013 (the "Protective Order") in the matter of *Todd Gelfand, Trustee of the Reata Trust v. North American Capacity Insurance Co.*, Case No. C12-04819 EMC (the "Action").  I agree to be bound by its terms with respect to any documents, information or materials that are furnished to me as set forth in the Protective Order.

2. I further agree not to disclose to anyone any such documents, information or materials, except as permitted by the Protective Order.

3. I agree that any such documents, materials or information furnished to me will be used by me only for the purposes of this litigation and not for other purposes, and will not be imparted by me to any other person.  I will maintain all such documents, materials or information in a secure manner to prevent unauthorized access to them.

4. No later than 30 days after the conclusion of this action, I will return all such documents, information and materials to the person who furnished them to me.

5. I hereby consent to the jurisdiction of said court for purposes of enforcing this Order.

_____
Signature                            Date

_____
Print Name                           Title

_____
Company Name

309353799.1