UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD GELFAND,<br><br>        Plaintiff,<br><br>        v.<br><br>NORTH AMERICAN CAPACITY<br>INSURANCE COMPANY,<br><br>        Defendant.<br>_____/ | No. C-12-4819 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF WRITTEN DISCOVERY**<br><br>**(Docket No. 42)** |

        The parties have filed a joint discovery letter brief concerning the production of written discovery. Plaintiff Todd Gelfand ("Plaintiff") is seeking the immediate production of a document titled "Construction Defect Claim Handling Expectations." Defendant North American Capacity Insurance Company ("NAIC") has refused to produce the document on various grounds, including privilege, privacy, and the work product doctrine. Having considered the parties' joint discovery letter brief, as well as the oral argument of counsel, the Court hereby **GRANTS** Plaintiff's motion compelling production.

        This Court set the non-expert discovery cut-off for August 22, 2013. *See* Docket No. 20 (Case Management Scheduling Order). The parties filed their joint discovery letter brief addressing the need to compel production of the document at issue on September 9, 2013. Thus, the deadline for moving to compel production of written discovery has expired on August 29, seven days after the discovery cut-off. *See* N.D. Cal. Civ. L.R. 37-3. Nonetheless, discovery requests made past the discovery cut-off are enforceable upon a showing of good cause. *See id*.

The Court finds that, on the facts at bar, there is good cause to compel production of the document at issue. Here, counsel for NAIC failed to establish facts demonstrating any applicable privilege or other legal basis that would bar production of a single document. NAIC's inability to make such a showing is apparent in both the parties' joint discovery letter brief and during a subsequent hearing with court staff held on September 13. Counsel for NAIC concedes that Plaintiff had made a similar document request for the document now at issue before the discovery cut-off. *See* Docket No. 42 (Joint Discovery Letter Brief, at pg. 4) ("[P]laintiffs, by proper request for production of documents, sought the exact same documents in June 2013," referring to Plaintiff request for "[a]ll of NAC's claims handling manuals in effect between 2001 and the date hereof."). In addition, Plaintiff contends that they were unaware of the specific document at issue until Mr. Walleston's deposition on September 9. *See id*. at pg. 1, n. 1. Accordingly, on these facts, Plaintiff has shown good cause requiring production of the document at issue, notwithstanding the issue of untimeliness. Nor has NAIC established any prejudice resulting from the production.

Based on the foregoing, the Court hereby orders NAIC to produce the document titled "Construction Defect Claim Handling Expectations" within three (3) days of this Order.

This order disposes of Docket No. 42.

IT IS SO ORDERED.

Dated: September 17, 2013

_____
EDWARD M. CHEN
United States District Judge

2